FILED



2017 SEP 12 PM 3: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
SANTA ANA

BY _____

CRAIG R. DOIRON (Pro Se)
18032 Lemon Drive, #201
Yorba Linda, California 92886
(714) 443-9384

DAVID C. PETERSON (Pro Se)
18032 Lemon Drive, #201
Yorba Linda, California 92886
(714) 388-9196

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CRAIG R. DOIRON and DAVID C.
PETERSON,

    Plaintiffs,

vs.

CITY OF SANTA ANA, DANIEL
BAEK, CREVIER BMW, PENSKE
CORPORATION, PENSKE
AUTOMOTIVE GROUP, INC.,
PENSKE VEHICLE SERVICES, INC.,
JOHN CHOE, and DOES 1 through 10,
inclusive,

    Defendants.

Case No. SACV 17 - 01584 CAS (JEM)

COMPLAINT FOR DAMAGES FOR:

1. Violation Of Fourth Amendment - Unlawful Seizure Of Person;
2. Violation Of Fourth Amendment – Unlawful Search And Seizure Of Property;
3. Violation Of First Amendment - Violation Of Freedom Of Speech;
4. Violation of 4th and 14th Amendment - Malicious Prosecution;
5. Federal Claim For Failure To Property Train And For Failure To Properly Hire / Fire / Discipline;
6. *Monnell* Liability for custom, policy and practice;
7. California State Law Claim For Violation Of Civil Code § 52.1;
8. California False Arrest / False Imprisonment;
9. California Intentional Infliction Of Emotional Distress,
10. California Negligence.
11. Civil Extortion

JURY TRIAL DEMANDED

COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiffs Craig R. Doiron and David C. Peterson and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the City of Santa Ana, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As Plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiffs' federal question claims, this court has jurisdiction over the Plaintiffs' California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

## GENERAL ALLEGATIONS

4.  Plaintiff Craig R. Doiron, hereinafter referred to as "DOIRON" or "Plaintiff DOIRON", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

5.  Plaintiff David C. Peterson, hereinafter referred to as "PETERSON" or "Plaintiff PETERSON", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

6.  Defendant City of Santa Ana, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

7.  Defendant Daniel Baek hereinafter also referred to as "BAEK", is, and at all times complained of herein, was, a City of Santa Ana Police Department Officer, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

8.  Defendant Penske Corporation is a Delaware Corporation with their corporate headquarters located in Bloomfield Hills, Michigan, a company that owns, runs and operates / does business as / under the name Crevier BMW (Hereinafter referred to as "CREVIER"), Penske Automotive Group, Inc., and Penske Vehicle Services, Inc.

9.  Defendant Penske Automotive Groups, Inc., is a Delaware Corporation with their corporate headquarters located in Bloomfield Hills, Michigan, a corporation that owns, runs and operates / does business as / under the name Crevier, in Santa Ana, California.

10. Defendant Penske Vehicle Services, Inc., is a Delaware Corporation with their corporate headquarters located in Troy, Michigan, a corporation that owns, runs and operates / does business as / under the name Crevier, in Santa Ana, California.

COMPLAINT FOR DAMAGES

3

11.Defendant Crevier BMW is a California company that owns, runs and operates / does business as / under the name Crevier BMW (Hereinafter referred to as "CREVIER") in the City of Santa Ana, County of Orange, State of California.

12.Defendant John Choe, hereinafter referred to as "CHOE", is, and at all times complained of was, an employee of Penske Corporation / Penske Automotive Group, Inc. / Penske Automotive Services and CREVIER. Moreover, at all times complained of herein, CHOE was acting as an individual person, acting under the color of state law, pursuant to a conspiracy / joint action / concerted action with the police officer defendants to this action to deprive the plaintiffs of various federal and state constitutional rights.

13.  Moreover, at all times complained of herein, CHOE was acting in the course of and within the scope of his employment / agency with Defendants Penske Corporation / Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER.

14.    Defendants DOES 1 through 3, inclusive, are sworn peace officers and / or police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Santa Ana Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who

will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

15.     At all times complained of herein, DOES 1 through 3, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Santa Ana Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

16.     Defendants DOES 4 through 7, inclusive, were employees and/or agents and/or officers and/or managers and/or some other employees, agents or supervisory personnel of Defendants Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and/or CREVIER, and, were acting in the course of and scope of, their employment / agency with Defendants Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and/or CREVIER.

17.     At all times complained of here, defendants DOES 4 through 7, inclusive, were acting as individual persona acting under the color of state law, pursuant to their acting in conspiratorial, concerted and joint action with defendant police officers BAEK and DOES 1 through 3, inclusive, to deprive Plaintiffs of various constitutional rights.

18.     Defendants DOES 8 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants

COMPLAINT FOR DAMAGES

5

and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Santa Ana Police Department and/or defendant City of Santa Ana, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Santa Ana PoliceDepartment for, *inter alia,*: 1) for unlawfully seizing persons; 2) for falsely arresting and falsely imprisoning persons; 3) for unlawfully seizing property; 4) for extorting persons.

    19.    At all times complained of herein, DOES 8 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Santa Ana Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

20.    At all times complained of herein, defendants DOES 8 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Santa Ana Police Department and/or otherwise with defendant CITY[1].

21.    In addition to the above and foregoing, defendants BAEK, CHOE and DOES 1 through 7, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

22.    Defendants BAEK, CHOE and DOES 1 through 7, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

23.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiffs' federal and state constitutional and statutory rights, as complained of herein.

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

7

24.     Plaintiffsare presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiffs.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against Defendants BAEK, CHOE and DOES 1 through 7, inclusive)**

25.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 24, inclusive, above, as if set forth in full herein.

26.     On June 10, 2015, PETERSON had his vehicle towed to CREVIER.

27.     PETERSON and DOIRON arrived at CREVIER along with the vehicle by tow truck.

28.     CREVIER agreed to repair PETERSON's vehicle and provided PETERSON with a loaner vehicle.

29.     PETERSON signed for the loaner vehicle. All paper work with CREVIER was done by PETERSON. DOIRON never entered into a contractual agreement with CREVIER of any kind.

30.     A few weeks later, CREVIER called PETERSON and informed him that his vehicle was ready, but it needed to be towed from away, as it would not start.

31.     DOIRON spoke with the representative from CREVIER and informed the representative that he and PETERSON would pick up the vehicle after all the repairs were completed.

32.     On September 12, 2015, PETERSON and DOIRON were at the Sandman Hotel at 2011 East 1st Street, Santa Ana, California. On that date, there was a knock at the door and DOIRON answered the door.

33.     When DOIRON opened the door, BAEK as at the door and asked if DOIRON was "Craig."

34.     DOIRON stated that he was "CRAIG."

35.     BAEK then ordered DOIRON out of the room and told DOIRON to place his hands behind his back because he was under arrest for grand theft auto and for probation violation."

36.     DOIRON complied but told BAEK that there must have been a mistake.

37.     BAEK walked DOIRON out to the parking lot where CHOE and another CREVIER employee, DOE 4, were standing. BAEK then placed DOIRON in the back of a Santa Ana Police Department patrol vehicle.

38.     While still in the parking lot, BAEK pulled DOIRON out of the vehicle. BAEK told DOIRON that he was under arrest for stealing the CREVIER loaner vehicle.

39.     DOIRON told BAEK that the vehicle was a loaner vehicle which was loaned to PETERSON while CREVIER repaired his vehicle.

40.     DOIRON told BAEK that PETERSON was inside the motel room.

41.     BAEK placed DOIRON back into the patrol vehicle and walked towards the motel room.

42.     BAEK returned to the patrol vehicle and told DOIRON that he is going to be arrested for a felony. BAEK told DOIRON that he will spend at least a month in jail and that bail will cost a minimum of $5,000. BAEK then told DOIRON that he (DOIRON) will then need to spend a minimum of $2,500 on an attorney who will only get DOIRON a deal for less jail time and that DOIRON will have a felony record for the rest of his life.

43.     DOIRON again explained to BAEK that he has no connection to the loaner vehicle. The agreement for the vehicle was between PETERSON and CREVIER.

44.     BAEK then walked to CHOE and DOES 4 through 7, inclusive. BAEK, CHOE and DOES 4 through 7, inclusive, spoke for a few minutes before BAEK returned to DOIRON.

45.     BAEK asked DOIRON if DOIRON could pay the CREVIER bill. BAEK told DOIRON that if he paid the bill, he would not be arrested.

46.     By this time CHOE and DOES 4 through 7, inclusive, were standing near BAEK and DOIRON. DOIRON asked CHOE if the vehicle was repaired. CHOE said that the vehicle was repaired.

47.     DOIRON then told BAEK that he has no choice but to pay the bill.

48.     BAEK took DOIRON to the motel room where DOIRON retrieved the keys to the loaner vehicle and approximately $1,500 cash.

49.     BAEK then took DOIRON back to the patrol vehicle and they drove to CREVIER. DOES 4 through 7, inclusive, drove the loaner vehicle back to CREVIER.

50.     When BAEK and DOIRON arrived at CREVIER, BAEK took DOIRON out of the patrol vehicle, grabbed DOIRON by the arm and walked him to CHOE's office.

51.     CHOE entered the office a few minutes after DOIRON and BAEK had sat down in CHOE's office.

52.     CHOE printed out a bill. The bill stated that the vehicle was not safe to drive away and that CREVIER suggested that the vehicle be towed away.

53.     DOIRON asked why he had to pay the bill for a vehicle that did not belong to him and was not repaired.

54.     BAEK again told DOIRON that if he did not pay the bill, he would be arrested for a felony.

55.     DOIRON told CHOE and BAEK that he only had $1,500 on him so he would need to come back with the balance. BAEK told DOIRON that he better pay the balance because he (BAEK) did not want to get called back there, and if he was, DOIRON and PETERSON would be arrested for a felony.

56.     DOIRON paid the $1,500 and was released from custody. DOIRON then walked several miles back to the motel.

COMPLAINT FOR DAMAGES

11

57.     On September 15, 2015, DOIRON went back to CREVIER and demanded a receipt for the $1,500 but no one would give him one.

58.     On September 21, 2015, BAEK and DOES 1 through 3, inclusive, returned to DOIRON's motel and arrested DOIRON.

59.     BAEK claimed that there was a three year old arrest warrant for DOIRON for possession of cocaine. BAEK never produced evidence of the warrant.

60.     DOIRON was booked at the Orange County Men's Central Jail where he would spend the next three days. DOIRON was eventually bailed out after paying $3,500.

61.     DOIRON was given a notice to appear at the Los Angeles Superior Court – Airport Division.

62.     DOIRON appeared at the Los Angeles Superior Court – Airport Division. DOIRON appeared at the courtroom on the date he was ordered to appear, but his case was never called. At the end of day, DOIRON approached the clerk and commissioner and stated that his case was never called. The commissioner stated that the case was called and that a $75,000 bench warrant was issued, notwithstanding the fact that DOIRON was in the courtroom for the entire day. DOIRON was told to come back the next day.

63.     The following date, DOIRON appeared at the Los Angeles Superior Court – Airport Division. DOIRON was told that he had unresolved traffic tickets from Beverly

Hills from approximately ten years earlier. DOIRON told the court that he was able to prove that those citations had been resolve.

64.    DOIRON went back to court a few weeks later and showed the Court that the cases related to the traffic citations were resolved and the cases were closed.

65.    Accordingly, the Court "dismissed" the action.

66. As complained of herein above, none of the defendants to this action had a warrant for DOIRON's arrest, nor probable cause to believe that DOIRON had committed a crime, nor reasonable suspicion that DOIRON was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by DOIRON.

67.    Accordingly, the seizure of DOIRON by Defendants BAEK, CHOE and DOES 1 through 7, inclusive, by use of forceand extortion constituted an unlawful and unreasonable seizure of DOIRON, in violation of his rights under the Fourth Amendment to the United States Constitution.

68.    As a direct and proximate result of the actions of Defendants BAEK, CHOE and DOES 1 through 7, inclusive, as complained of herein, DOIRON: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

69.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of DOIRON's constitutional rights, sufficient for an award of

punitive / exemplary damages against all defendants and each of them, save for

Defendant CITY, in an amount to be proven at trial which is in excess of $5,000,000.00.

### SECOND CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation Of Fourth Amendment Rights
### Unreasonable / Unlawful Search and Seizure of Property
### (Against DefendantsBAEK, CHOE and DOES 1 through 7, inclusive)

70.     Plaintiffs hereby reallege and incorporate by reference the allegations set

forth in paragraphs 1 through 69, inclusive, above, as if set forth in full herein.

71.     The actions of defendants BAEK, CHOE, and DOES 1 to 7, inclusive,

complained of in this action in seizing and extorting the Plaintiffs' property constituted

an unlawful and unreasonable seizure of the Plaintiffs'property in the absence of a

warrant, consent, an emergency or exigency, in violation of the Plaintiffs' rights to be

free from such and search and seizure of their property under the Fourth Amendment to

the United States Constitution.

72.     As a direct and proximate result of the actions of Defendants BAEK, CHOE

and DOES 1 to 7, inclusive, Plaintiffswere : 1) substantially physically, mentally and

emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3)

incurred lost wages and profits, and 4) suffered terrible physical injury, pain and

suffering, as well as mental and emotional pain and suffering, and 5) suffered / is

suffering lost wages and profits; all in an amount to be proven at trial; in excess of

$5,000,000.00.

73.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00, save CITY.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of First Amendment Rights - Freedom of Speech**
**(Against Defendants BAEK, CHOE and DOES 1 through 7, inclusive)**

74.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 73, inclusive, above, as if set forth in full herein.

75.     A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiffs as complained of in this action, was DOIRON's exercise of his right to freedom of speech under the First Amendment to the United States Constitution, in protesting the unlawful conduct of the defendants and to petition the government for redress.

76.     Moreover, said defendants would not have taken said adverse actions against the Plaintiffs, had Plaintiff DOIRON not exercised his right to freedom of speech under the First Amendment to the United States Constitution.

77.     As a direct and proximate result of said adverse actions taken against said DOIRON by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost

wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $5,000,000.00.

78.    The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, save defendantCITY, in an amount to be proven at trial, in excess of $5,000,000.00, save CITY.

## FOURTH CAUSE OF ACTION
## MALICIOUS PROSECUTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation Of Fourth And Fourteenth Amendment Right
### (Against Defendants BAEK, CHOE and DOES 1 through 7, inclusive)

79.    Plaintiffshereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 78, inclusive, above, as if set forth in full herein.

80.    As shown above, BAEK, CHOE, and DOES 1 to 7, inclusive, falsely arrested DOIRON.

81.    Also as shown above, BAEK, CHOE, and DOES 1 to 7, inclusive, knew that DOIRON had not committed a crime, and, nonetheless, authored bogus police reports procured a bogus prosecution based upon material misstatements of fact / fraudulent police reports regarding; and falsely and maliciously accusedDOIRON of various acts to show that DOIRON had committed a crime.

82.    Said police reports authored by BAEK and DOES 1 to 3, inclusive, also contained material misrepresentations of facts and material omission of facts upon which

the Orange County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution against DOIRON.

83.    Moreover, as shown above, none of said defendants had probable cause to believe that DOIRON had committed a crime.

84.    Moreover, said criminal action was procured by said defendants with malice.

85.    Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

86.    As a direct and proximate result of the actions of defendants, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real and personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

87.    The actions of defendants, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial which is in excess of $5,000,000.00.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against Defendants 7 through 10, Inclusive, and CITY)

88.     Plaintiffs hereby reallegeand incorporate by reference the allegations set forth in paragraphs 1 through 87, inclusive, above, as if set forth in full herein.

89.     As complained of herein above, the acts of defendants BAEK, CHOE and DOES 1 through 7, deprived Plaintiffs of their rights under the laws of the United States and The United States Constitution.

90.     The training policies of CITY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted Plaintiffs.

91.     CITY was deliberately indifferent to the obvious consequences of its failure to train itspolice officer employees adequately.

92.     The failure of CITY to provide adequate training caused the deprivation of Plaintiffs' rights by DefendantsBAEK, CHOE and DOES 1 through 7, inclusive.

93.     CITY's failure to train is closely related to the deprivation of Plaintiffs' rights as to be the moving force that ultimately caused Plaintiffs' injuries.

94.     As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3)

and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $5,000,000.00.

95.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against defendants DOES 7 through 10, inclusive, in an amount to be proven at trial which is in excess of $5,000,000.00.

### SIXTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On
### Official Policy, Practice, Or Custom
### (Against Defendant CITY)

96.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 95 inclusive, above, as if set forth in full herein.

97.     As shown above, the actions of defendantsBAEK, CHOE and DOES 1 through 3, inclusive, deprived the plaintiffs of their particular rights under the United States Constitution, as described above.

98.     At all times complained of herein, defendants BAEK and DOES 1 through 3, inclusive, were acting pursuant to the policies, customs, usages and practices of the Santa Ana Police Department / defendantCITY:1) for unlawfully seizing persons; 2) for falsely arresting and falsely imprisoning persons; 3) for unlawfully seizing property; 4)

for extorting persons; 5) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 7) for covering-up unlawful and tortious conduct by Santa AnaPolice Department personnel and were a proximate cause of the very same federal constitutional violations complained of below by the plaintiffs in this action.

99.    Said actions of said defendants were done by them under the color of state law.

100.    As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendantCITY, above-described, said defendants committed said actions complained of above.

101.    As a direct and proximate result of the actions of defendants CITY, as complained of herein, plaintiffs: 1) were substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost profits and wages, and 4) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $5,000,000.00.

COMPLAINT FOR DAMAGES

**SEVENTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against CHOE, DOES 4 through 7, inclusive and Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER)**

102.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 101, inclusive, above, as if set forth in full herein.

103.   The actions of defendants CHOE and DOES 4 through 7, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiffs of the rights secured to them by the Constitution and laws of the United States, and of the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

104.   Defendants CHOE and DOES 3 through 7, inclusive, are liable to plaintiffs for said violations of their constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

105.   As a direct and proximate result of the actions of defendants CHOE and DOES 3 through 7, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $5,000,000.00.

106.   The actions of defendants CHOE and DOES 4 through 7, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiffs' constitutional rights sufficient for an award of punitive / exemplary damages against CHOE, DOES 4 through 7, inclusive and Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER, in an amount to be proven at trial, in excess of $5,000,000.00.

107.   In addition, as a result of the actions of defendants CHOE and DOES 4 through 7, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiffsare entitled to an award of treble compensatory damages against all defendants, and each of them.

## EIGHTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
**(Against CHOE, DOES 4 through 7, inclusive and Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER)**

108.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 107, inclusive, above, as if set forth in full herein.

109.   Defendants CHOE and DOES 4 through 7, inclusive, did not have probable cause to believe that DOIRON had committed a crime.

110.   Defendants CHOE and DOES 4 through 7, inclusive, restrained, brutalized and deprived DOIRON of his liberty by conspiring with Defendants BAEK and DOES 1 through 3, inclusive.

111.   Defendants CHOE and DOES 4 through 7, inclusive, intentionally deprived DOIRON of his freedom of movement by use of physical force and violence.

112.   DOIRON did not consent to said deprivation of his freedom of movement by Defendants CHOE and DOES 4 through 7, inclusive, or to the use of force and violence upon him.

113.   DOIRON suffered harm because of said deprivation of his freedom of movement by Defendants CHOE and DOES 4 through 7, inclusive.

114.   The actions committed by Defendants CHOE and DOES 4 through 7, inclusive, as complained of herein, constituted a false arrest / false imprisonment of DOIRON under California state law.

115.   DefendantsCHOE and DOES 4 through 7, inclusive, are liable to DOIRON for said false arrest / false imprisonment, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.2, 820.8, and otherwise pursuant to the common-law.

116.   The actions committed by Defendants CHOE and DOES 4 through 7, inclusive, as complained of herein, proximately caused DOIRON to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial which is in excess of $5,000,000.00.

117.   The actions of Defendants CHOE and DOES 4 through 7, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an

award of punitive / exemplary damages against CHOE, DOES 4 through 7, inclusive and

Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc.

and CREVIER, in an amount to be proven at trial which is in excess of $5,000,000.00.

### NINTH CAUSE OF ACTION
**Intentional Infliction Of Emotional Distress**
**Under California State Law**
**(Against CHOE, DOES 4 through 7, inclusive and Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER)**

118.   Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 117, inclusive, above, as if set forth in full herein.

119.   Defendants CHOE and DOES 4 through 7, inclusive, knew and/or should have known that Plaintiffs were susceptible to suffering severe emotional distress from the actions taken and committed against Plaintiffs as complained of herein.

120.   The actions committed by Defendants CHOE and DOES 4 through 7, inclusive, during theincident as complained of herein, were malicious, oppressive, and/or in reckless disregard for Plaintiffs' constitutional rights, was despicable and of such an outrageous nature as to be shocking to the conscience.

121.   The actions of Defendants CHOE and DOES 4 through 7, inclusive, as complained of herein, committed against Plaintiffs, directly and proximately caused Plaintiffs to suffer severe emotional distress.

122.   Defendants, and each of them, are liable to Plaintiffs for said intentional infliction of emotional distress pursuant to California state law, and otherwise pursuant to the common-law.

123.   As a direct and proximate result of the actions of DefendantsCHOE and DOES 4 through 7, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

124.   The actions committed by Defendants CHOE and DOES 4 through 7, inclusive, as complained of herein, were malicious, oppressive and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against CHOE, DOES 4 through 7, inclusive and Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER, in an amount to be proven at trial which is in excess of $5,000,000.00.

## TENTH CAUSE OF ACTION
### Negligence
### Under California State Law
**(Against CHOE, DOES 4 through 7, inclusive and Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER)**

125.   Plaintiffs hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 124, inclusive, above, as if set forth in full herein.

126.   Defendant Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIERknew, and/or with the exercise of reasonable diligence should have known, of the unlawful propensities of Defendants CHOE and DOES 4 through 7, inclusive, who conspired to have the plaintiffs unlawfully arrested, unlawfully seized property, extorted the plaintiffs, and humiliated Plaintiffsas complained of herein.

127.   Moreover, the actions committed by Defendants CHOE and DOES 4 through 7, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward Plaintiffs.

128.   Moreover, defendant Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIERbreached its duty of care owed to the Plaintiffs, and to members of the public similarly situated, by failing to train its employees / agents that they have no right to falsely arrested persons, unlawfully seize property and extort persons.

129.   As a direct and proximate result of the actions committed by Defendants Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER, CHOE and DOES 4 through 7, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and

general damages and expenses in an amount to be proven at trial, which is in excess of $5,000,000.00.

## TWELFTHCAUSE OF ACTION
### Extortion
### Under California State Law
**(Against CHOE, DOES 4 through 7, inclusive and Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER)**

130.   Plaintiffs hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 129, inclusive, above, as if set forth in full herein.

131.   Defendants CHOE and Does 4 through 7, inclusive, procured $1,500 from DORIAN by extorting him with threat of arrest.

132.   DORIAN paid the extorted $1,500 out of fear of arrest, imprisonment and humiliation.

133.   Defendants' threats of arrest for crimes they knew DORIAN and PETERSON did not commit unless they paid the $1,500 constitutes extortion under Cal. Penal Code § 518.

134.   As a result of the Defendants' extortion, Plaintiffs have suffered and will continue to suffer

135.   As a direct and proximate result of the actions Defendants CHOE and DOES 4 through 7, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological

costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

136.   The actions committed by Defendants CHOE and DOES 4 through 7, inclusive, as complained of herein, were malicious, oppressive and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against CHOE, DOES 4 through 7, inclusive and Penske Corporation, Inc., Penske Automotive Group, Inc., Penske Vehicle Services, Inc. and CREVIER, in an amount to be proven at trial which is in excess of $5,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

    a)  For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00;

    b)  For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $5,000,000.00;

    c)  For an award of reasonable attorney's fees and costs;

    d)  For a trial by jury; and

    e)  For such other and further relief as this honorable court deems just and equitable.

_____   9-12-17
CRAIG R. DOIRON

_____   9-12-17
DAVID C. PETERSON

COMPLAINT FOR DAMAGES
28