# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   'O'

| | |
|---|---|
| Case No. | 8:17-cv-01584-CAS(JEMx) |
| Date | July 9, 2018 |
| Title | CRAIG R. DOIRON ET AL. v. CITY OF SANTA ANA ET AL. |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                                         Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS' MOTIONS TO DISMISS (Dkts. 7, 24, 29)

The Court finds these motions appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7–15.

## I.   INTRODUCTION

On September 19, 2017, pro se plaintiffs Craig R. Doiron and David C. Peterson filed the instant action against defendants City of Santa Ana (the "City"), Daniel Baek, Crevier BMW ("Crevier"), Penske Corporation, Penske Automotive Group, Inc., Penske Vehicle Services, Inc. (collectively, "Penske"), John Choe, and Does 1 through 10 inclusive. Dkt. 1 ("Compl."). Plaintiffs' case was referred to Magistrate Judge John E. McDermott on September 12, 2017. Dkt. 5.

Plaintiffs assert (1) two claims for unlawful search and seizure of person and property in violation of the Fourth Amendment and 42 U.S.C. § 1983, as against Baek and Choe; (2) one claim for violation of freedom of speech in violation of the First Amendment and § 1983, as against Baek and Choe; (3) one claim for malicious prosecution in violation of the Fourth and Fourteenth Amendments and § 1983, as against Baek and Choe; (4) one claim for failure to train and hire in violation of section 1983; (5) one claim for maintaining a custom, policy, and practice in violation of Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978), as against the City; (6) one claim for violation of California Civil Code § 52.1, as against the City; and (7) four claims for false arrest, intentional infliction of emotional distress, negligence and civil extortion in violation of California common law, as against Choe, Penske, and Crevier. See id. Plaintiffs' claims appear to be premised on Doiron's arrest for alleged grand theft

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:17-cv-01584-CAS(JEMx) | Date | July 9, 2018 |
|---|---|---|---|
| Title | CRAIG R. DOIRON ET AL. v. CITY OF SANTA ANA ET AL. | | |

auto of a loaner vehicle that Crevier had provided to Peterson while Crevier attempted to repair Peterson's vehicle.

On October 13, 2017, Crevier and Choe filed the instant motion to dismiss claims one through four and seven through eleven. Dkt. 7. On October 31, 2017, Penske filed the instant motion to dismiss plaintiffs' complaint. Dkt. 24. Plaintiffs filed an opposition responding jointly to Crevier's and Penske's motions on November 17, 2017. Dkt. 34. On December 1, 2017, Crevier, Choe, and Penske jointly filed a reply. Dkt. 37.

On November 15, 2018, Baek and the City filed a motion to dismiss plaintiffs' complaint, dkt. 29, and submitted a request for judicial notice in support thereof, dkt. 30. On December 20, 2017, plaintiffs filed an opposition. Dkt. 40. Baek and the City filed a reply on January 3, 2018. Dkt. 41.

On January 24, 2018, Jerry L. Steering and Gregory Paul Peacock filed notices of appearance of counsel on behalf of plaintiffs. Dkt. 43. On June 20, 2018, the Court vacated the reference to Magistrate Judge McDermott.

After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The following factual allegations are taken from pro se plaintiffs' complaint.

On June 10, 2015, Peterson's vehicle was towed to Crevier BMW, a California company located in Santa Ana, California. Compl. ¶¶ 11, 26. Plaintiffs allege that Crevier agreed to repair Peterson's vehicle, and that it provided Peterson with a loaner vehicle for which Peterson signed a "contractual agreement." Id. at 28–29. A few weeks later, Crevier informed Peterson that his vehicle was ready and that it would need to be towed away, as it was not safe to operate. Id. at 30. Doiron allegedly spoke with a representative from Crevier and informed the representative that he and Peterson would pick up the vehicle after all the repairs were completed. Id. at 31.

On September 12, 2015, Doiron and Peterson were at a motel in Santa Ana, California. Id. ¶ 32. Plaintiffs allege that, on this date, City of Santa Ana Police Department Officer Daniel Baek knocked on the motel room door in which Doiron and Peterson were staying, ordered Doiron out of the room, and arrested Doiron "for grand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 8:17-cv-01584-CAS(JEMx) | Date | July 9, 2018 |
| Title | CRAIG R. DOIRON ET AL. v. CITY OF SANTA ANA ET AL. | | |

theft auto [of the Crevier loaner vehicle] and for probation violation." Id. ¶ 33–35, 38. Doiron complied and informed Baek that there had been a mistake. Id. ¶ 36. After Baek placed Doiron in a patrol vehicle, Baek allegedly told Doiron that he was going to spend "at least a month in jail" and that bail would cost at least $5,000. Id. ¶¶ 41–42. Plaintiffs allege that Doiron explained to Baek that he had no connection to the loaner vehicle, and that Peterson had signed for the vehicle. Id. ¶ 43.

After speaking with Choe—a Penske employee—and Doe Penske employees located at the scene, Baek allegedly asked Doiron if he could pay the Crevier bill for Peterson's repairs, and informed Doiron that if he paid the bill, he would not be arrested. Id. ¶¶ 12, 44–47. Baek subsequently took Doiron to the motel room where Doiron retrieved the keys to the loaner vehicle and approximately $1,500 cash. Id. ¶ 48. Plaintiffs allege that Baek then took Doiron back to the patrol vehicle and drove him to Crevier, and upon arrival directed Doiron to Choe's office. Id. ¶¶ 49–50. Choe provided Doiron with a bill that allegedly stated that Peterson's vehicle was not safe to drive and needed to be towed away. Id. ¶¶ 51–52. Plaintiffs allege that Doiron asked why he needed to pay for a vehicle that was not repaired and that did not belong to him, and that Baek responded to Doiron that he would be arrested for a felony if he did not pay the bill. Id. ¶¶ 53–54. Doiron allegedly paid Choe $1,500 and was released from custody. Id. ¶ 56.

Plaintiffs allege that on September 15, 2015, Doiron went to Crevier and demanded a receipt for his prior $1,500 payment, but "no one would give him one." Id. ¶ 57. On September 21, 2015, Baek and Doe officers allegedly returned to the motel in which Doiron was staying and arrested Doiron for a three-year old "arrest warrant … for possession of cocaine," although plaintiffs allege that Baek never produced evidence of this warrant. Id. ¶¶ 58–59. After three days at the Orange County Men's Central Jail, Doiron was released after paying bail at $3,500. Id. ¶ 60.

Plaintiffs further allege that Doiron was given a notice to appear at the Los Angeles County Superior Court. Id. ¶ 61. Plaintiffs assert that Doiron appeared, but that his case was never called, and that a $75,000 bench warrant was subsequently issued. Id. ¶ 62. The following day, plaintiffs allege that Doiron appeared again before the Los Angeles Superior Court, where he was told that he had ten-year-old Beverly Hills traffic tickets that were unresolved. Id. ¶ 63. Doiron returned to court weeks later and demonstrated that the traffic citations were resolved, which resulted in a dismissal of the action against him. Id. ¶¶ 64–65.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 8:17-cv-01584-CAS(JEMx) | Date | July 9, 2018 |
| Title | CRAIG R. DOIRON ET AL. v. CITY OF SANTA ANA ET AL. | | |

Plaintiffs allege that "none of the defendants to this action had a warrant for Doiron's arrest," and did not have probable cause to believe that Doiron had committed a crime or reasonable suspicion that he was a danger to anyone. Id. ¶ 66.

## III. DISCUSSION

The foregoing alleged facts are, at best, confusing, and fail to allege a claim upon which relief may be granted. However, though defendants move to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court has determined that the complaint should be analyzed under Federal Rule of Civil Procedure 8(a).

Rule 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). The purpose of Rule 8 is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Here, while plaintiffs' action appears to arise from Doiron's alleged wrongful arrest, his alleged payment for repairs to Peterson's vehicle, and his involvement in certain nondescript legal proceedings, plaintiffs' allegations do not clearly set forth the basis for plaintiffs' state law claims, Monell liability claim, and section 1983 claims. See McHenry, 84 F.3d 1172 at 1179 (affirming dismissal on Rule 8 grounds for failure to clearly and concisely explain how each defendant violated plaintiffs' legal rights); Figg v. City of Fontana, No. 09-cv-01254-MMM-OP, 2009 WL 10674420 (C.D. Cal. Nov. 9, 2009) (dismissing a complaint under Rule 8 for failure to provide reasonable notice of the claims alleged against the multiple defendants).

If plaintiffs choose to file an amended complaint, the pleadings should include allegations that identify the state actors, what constitutional rights have been violated, and how each constitutional right was violated. To the extent that the amended complaint advances claims arising under state law, the pleadings should allege why the municipal defendants are not immune from suit and the basis for naming the corporate defendants. Moreover, because plaintiffs were pro se at the time of the filing of the instant complaint, insofar as plaintiffs elect to file an amended complaint, plaintiffs' counsel is strongly encouraged to critically review the complaint's claims, supporting allegations, and relevant statutes of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| | | | |
|---|---|---|---|
| Case No. | 8:17-cv-01584-CAS(JEMx) | Date | July 9, 2018 |
| Title | CRAIG R. DOIRON ET AL. v. CITY OF SANTA ANA ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** plaintiffs' complaint on the grounds that plaintiffs have failed to provide clear and concise allegations in compliance with Rule 8. As such, defendants' motions are hereby **DENIED** as moot.

Plaintiffs may file an amended complaint, which provides fair notice of their claims and the grounds up which each claim rests, on or before **July 30, 2018**.

IT IS SO ORDERED.

                                                                                        00   :   00

Initials of Preparer        CMJ