UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| | | | |
|---|---|---|---|
| Case No. | 8:17-cv-01584-CAS-JEMx | Date | December 3, 2018 |
| Title | CRAIG R. DOIRON V. CITY OF SANTA ANA ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Lisa Gonzalez | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Brenton Hands                               Kirsten Hart

**Proceedings:**    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Dkt. 65, filed November 1, 2018)

## I.    INTRODUCTION

On September 19, 2017, *pro se* plaintiffs Craig R. Doiron and David C. Peterson filed the instant action against defendants City of Santa Ana (the "City"), Daniel Baek, Crevier BMW ("Crevier"), Penske Corporation, Penske Automotive Group, Inc., Penske Vehicle Services, Inc. (collectively, "Penske"), John Choe, and Does 1 through 10 inclusive. Dkt. 1. In October and November 2017, the defendants filed motions to dismiss the plaintiffs' initial complaint. Dkts. 7, 24, 29. On January 24, 2018, Jerry L. Steering and Gregory Paul Peacock filed notices of appearance of counsel on behalf of plaintiffs. Dkt. 43. On July 9, 2018, the Court dismissed the plaintiffs' complaint on the grounds that the plaintiffs failed to provide clear and concise allegations in compliance with Federal Rule of Civil Procedure 8(a). Dkt. 47. The Court provided plaintiffs with leave to file an amended complaint. Id.

On July 30, 2018, plaintiffs filed the first amended complaint. Dkt. 48. On August 13, 2018, Crevier, Choe, and Penske filed a motion to dismiss plaintiffs' first amendment complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Dkt. 49. The same day, the City and Baek also filed a motion to dismiss pursuant to Rule 12(b)(6). Dkt. 50 ("City MTD"). On September 24, 2018, the Court granted in part and denied in part the defendants' motions to dismiss and provided plaintiffs with leave to amend. Dkt. 62 ("Order").

On October 18, 2018, plaintiff Doiron filed a second amended complaint, which no longer lists Peterson as a plaintiff or any of the Penske entities as defendants. Dkt. 63 ("SAC"). Doiron asserts (1) two claims for unlawful search and seizure of person and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:17-cv-01584-CAS-JEMx | Date | December 3, 2018 |
| Title | CRAIG R. DOIRON V. CITY OF SANTA ANA ET AL. | | |

property in violation of the Fourth Amendment and 42 U.S.C. § 1983, as against Baek and Choe; (2) one claim for violation of freedom of speech in violation of the First Amendment and § 1983, as against Baek; (3) one claim for violation of California Civil Code § 52.1, as against Choe and Crevier; and (4) three claims for intentional infliction of emotional distress, negligence, and civil extortion in violation of California common law, as against Choe and Crevier. Plaintiff's claims arise out of Doiron's arrest for alleged grand theft auto of a loaner vehicle that Crevier had provided to Peterson while Crevier attempted to repair Peterson's vehicle.

On August 13, 2018, Baek filed an answer to the second amended complaint. Dkt. 66. That same day, Choe and Crevier filed a motion to dismiss plaintiffs' second amendment complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Dkt. 65 ("MTD"). On September 4, 2018, plaintiff filed an opposition to the motion to dismiss. Dkt. 68 ("Opp'n"). On November 19, 2018, Choe and Crevier filed a reply. Dkt. 69 ("Crevier Reply").

The Court held a hearing on December 3, 2018. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The following factual allegations are taken from plaintiff's second amended complaint.

On June 10, 2015, Peterson's vehicle was towed to Crevier BMW, a California company located in Santa Ana, California, for repairs. SAC ¶¶ 21. Crevier agreed to repair Peterson's vehicle, and provided Peterson with a loaner vehicle for which Peterson signed a "contractual agreement." Id. ¶¶ 23–24. A few weeks later, Crevier informed Peterson that his vehicle was ready and that it would need to be towed away, as it would not start. Id. ¶ 25. Doiron spoke with a representative from Crevier and informed the representative that he and Peterson would pick up the vehicle after all the repairs were completed. Id. ¶ 26.

Plaintiff alleges that prior to September 12, 2015, Crevier employee Choe and City of Santa Ana Police Department Officer Baek, conspired to falsely arrest Doiron and extort him with the threat of criminal prosecution if he did not pay Crevier for the repairs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 8:17-cv-01584-CAS-JEMx | Date | December 3, 2018 |
| Title | CRAIG R. DOIRON V. CITY OF SANTA ANA ET AL. | | |

made to the vehicle. Id. ¶ 27. On September 12, 2015, Baek knocked on the motel room door in which Doiron and Peterson were staying in Santa Ana, ordered Doiron out of the room, and arrested Doiron "for grand theft auto" of the Crevier loaner vehicle. Id. ¶¶ 28–31. Doiron complied and informed Baek that there had been a mistake. Id. ¶ 32. After Baek placed Doiron in a patrol vehicle, Baek allegedly conducted a "shake down" on behalf of Crevier and told Doiron that he was going to spend "at least a month in jail" and that bail would cost at least $5,000. Id. ¶¶ 33, 37. Doiron explained to Baek that he had no connection to the loaner vehicle, and that Peterson had signed for the vehicle. Id. ¶ 38.

Plaintiff alleges that Baek then walked to Choe and Doe Crevier employees located at the scene, "spoke for a few minutes and conspired to threaten Doiron with arrest if he did not pay Peterson's bill." Id. ¶ 39. Baek informed Doiron that if he paid the bill, he would not be arrested. Id. ¶ 40. Baek subsequently took Doiron to the motel room where Doiron retrieved the keys to the loaner vehicle and approximately $1,500 cash. Id. ¶ 43. Baek then took Doiron back to the patrol vehicle and drove him to Crevier, and upon arrival walked Doiron to Choe's office. Id. ¶¶ 44–45. Choe provided Doiron with a bill that stated that Peterson's vehicle was not safe to drive and needed to be towed away. Id. ¶ 47. Doiron asked why he needed to pay for a vehicle that was not repaired and that did not belong to him, and Baek responded to Doiron that he would be arrested for a felony if he did not pay the bill. Id. ¶¶ 48–49. Doiron paid Choe $1,500 and was released from custody. Id. ¶ 51. On September 15, 2015, Doiron went to Crevier and demanded a receipt for his prior $1,500 payment, but "no one would give him one." Id. ¶ 52.

At some point prior to September 21, 2015, Doiron complained to the City of Santa Ana about Baek's actions on September 12, 2015. Id. ¶ 53. On September 21, 2015, Baek and Doe officers returned to the motel in which Doiron was staying and arrested Doiron pursuant to a three-year-old "arrest warrant … for possession of cocaine." Id. ¶ 54. Plaintiffs allege that Baek never produced evidence of this warrant "because there never was a warrant for Doiron's arrest." Id. After three days at the Orange County Men's Central Jail, Doiron was released after paying bail at $3,500. Id. ¶ 55.

Plaintiff further alleges that Baek "caused a bogus 'notice to appear' to be given to Doiron" for a court date at the Airport Division of the Los Angeles County Superior Court. Id. ¶ 56. Doiron appeared and was told that he had ten-year-old Beverly Hills

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 8:17-cv-01584-CAS-JEMx | Date | December 3, 2018 |
| Title | CRAIG R. DOIRON V. CITY OF SANTA ANA ET AL. | | |

traffic tickets that were unresolved. Id. ¶ 57. Doiron returned to court weeks later and demonstrated that the traffic citations were resolved, which resulted in a dismissal of the action against him. Id. ¶¶ 58–59.

Plaintiff alleges that "none of the defendants to this action had a warrant for Doiron's arrest," probable cause to believe that Doiron had committed a crime, or reasonable suspicion that he was a danger to anyone. Id. ¶ 60.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:17-cv-01584-CAS-JEMx | Date | December 3, 2018 |
| Title | CRAIG R. DOIRON V. CITY OF SANTA ANA ET AL. | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss, 572 F.3d at 972. However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiff's § 1983 Claims as Against Choe

Doiron asserts two § 1983 claims against defendant Choe for: (1) the seizure of Doiron, and (2) the seizure of $1,500. The Court previously dismissed plaintiff's § 1983 claim as against Choe with respect to Doiron's arrest with leave to amend because plaintiff failed to make any allegations that Choe, rather than Baek, was the proximate cause of Baek's arrest of Doiron on September 12, 2015. Order at 16–17. In the second amended complaint, plaintiff adds the allegation that "Baek failed to exercise his own independent judgment when he agreed to extort Doiron for the benefit of Choe and Crevier." SAC ¶ 62.

Defendants again challenge the sufficiency of plaintiff's § 1983 claim as against Choe based on seizure of Doiron's person. Defendants argue that plaintiff has not adequately pled facts to establish that Choe proximately caused any seizures of Doiron or to establish that Choe acted under color of law. The Court previously determined that plaintiff had sufficiently alleged that Choe acted under color of state law under a theory of conspiracy with respect to the September 12, 2016 arrest of Doiron. Order at 16. The Court sees no reason to depart from its earlier ruling.

With respect to proximate cause, the Court observes that causation is an intensely factual question. Thus, the Court finds that the plausibility and sufficiency of plaintiff's theory of proximate causation is better decided on a more developed factual record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 8:17-cv-01584-CAS-JEMx | Date | December 3, 2018 |
| Title | CRAIG R. DOIRON V. CITY OF SANTA ANA ET AL. | | |

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's § 1983 claim as against Choe insofar as it is based on the alleged arrest of Doiron on September 12, 2015.

Defendants argue that plaintiffs have not alleged any facts regarding Choe's involvement with the September 21, 2015 arrest of Doiron.[1] MTD at 12–13. Plaintiff does not address this particular argument in his opposition. As the second amended complaint does not include any allegations regarding Choe's involvement with the September 21, 2015 arrest of Doiron, the Court **GRANTS** defendants' motion to dismiss plaintiff's § 1983 claim as against Choe insofar as it is based on the alleged arrest on September 21, 2015.[2]

### B. Plaintiff's State Law Claims as Against Choe and Crevier

#### i. California Civil Code § 52.1

Plaintiff brings a claim against Choe and Crevier for violation of California Civil Code § 52.1(a), also known as the Tom Bane Civil Rights Act, which prohibits "a person or persons, whether or not acting under color of law, [from] interfer[ing] by threats, intimidation, or coercion, or [from] attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state. . . ." Cal. Civ. Code § 52.1(a).

---

[1] In arguing that plaintiff has not stated a clear factual basis for his § 1983 claim, defendants suggest that plaintiff has alleged one other potential arrest based on Baek's interactions with Doiron at the dealership. MTD at 12. The Court understands plaintiff's § 1983 claim regarding the arrest on September 12, 2015 for "grand theft auto" to encompass Baek's interactions with Doiron at the dealership because Baek allegedly took Doiron to the dealership under the guise that Doiron was under arrest, or could be placed under arrest, for a felony. SAC ¶¶ 31, 33, 37, 40, 49–50.

[2] During oral argument, plaintiff indicated that he may seek leave to amend the complaint if discovery provides a basis for a § 1983 claim as against Choe based on the September 21, 2015 arrest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 8:17-cv-01584-CAS-JEMx | Date | December 3, 2018 |
|---|---|---|---|
| Title | CRAIG R. DOIRON V. CITY OF SANTA ANA ET AL. | | |

In its previous Order, the Court found that plaintiff had not alleged that Choe himself or Crevier, as opposed to Baek, engaged in any threatening, intimidating, or coercive conduct towards Doiron. Order at 17. In the second amended complaint, plaintiff alleges that Choe conspired with Baek to violate the California constitution. SAC ¶ 76. The Court finds that the second amended complaint sufficiently states a claim for violation of § 52.1 as against Choe and Crevier.

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiffs' § 52.1 claims as against Choe and Crevier.

### ii. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must plead: (1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) the suffering of severe or extreme emotional distress by the plaintiff; and (3) actual and proximate causation of that distress by the defendant's outrageous conduct. Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009). "Outrageous conduct" is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. at 1050–51.

Defendants contend that plaintiff has failed to plead facts to support a claim for intentional infliction of emotional distress. MTD at 18–19. In its previous order, the Court found that the issue of whether Choe engaged in extreme and outrageous conduct was not a matter suited for determination on a motion to dismiss, but dismissed plaintiff's IIED claim with leave to amend because he failed to allege underlying facts supporting the claim that he suffered severe emotional distress. Order at 19. In the second amended complaint, plaintiff adds the allegation that, as a result of "being kidnapped and extorted out of money by threat of further arrest and prosecution," he was substantially physically, mentally, and emotionally injured" and "incurred medical and psychological costs, bills and expenses." SAC ¶ 84, 88. The Court finds that the second amended complaint sufficiently alleges a claim for intentional infliction of emotional distress. Defendants' concern regarding the severity—or lack thereof—of plaintiff's emotional distress is better resolved on a more developed factual record.

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiffs' IIED claim as against Choe and Crevier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:17-cv-01584-CAS-JEMx | Date | December 3, 2018 |
| Title | CRAIG R. DOIRON V. CITY OF SANTA ANA ET AL. | | |

### iii. Negligence

To state a negligence claim, a plaintiff must show "that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." Salinas v. Martin, 166 Cal. App. 4th 404, 411 (2008).

The Court previously dismissed plaintiff's negligence claim because plaintiff did not explicitly allege what duty was owed to plaintiffs. Order at 20. In the second amended complaint, plaintiff has only added an allegation that defendants "have a duty to refrain from conspiring to kidnap [acquaintances] of their customers and extort them with prosecution and further arrest if the individual does not pay the acquaintance's bill." SAC ¶ 91. Plaintiff has not alleged a legally cognizable duty. Rather, plaintiff's claim for negligence again, for a third time, contains only a formulaic recitation of the elements of a negligence claim. At oral argument, plaintiff's counsel sought leave to amend to add references to statutes criminalizing kidnapping and extortion to clarify the impropriety of defendants' course of conduct. The Court finds that the addition of these statutes would not only fail to clarify exactly what duty defendants owed to plaintiff, but would defeat plaintiff's negligence claim because extortion and kidnapping are intentional acts. Because plaintiff could not allege facts consistent with his prior pleadings that state a claim for negligence against Choe and Crevier, dismissal shall be with prejudice. Accordingly, the Court **DISMISSES with prejudice** plaintiff's negligence claims as against Choe and Crevier.

### iv. Vicarious Liability

Under the rule of respondeat superior, "an employer is vicariously liable for the torts of its employees committed within the scope of the employment." Lisa M v. Henry Mayo Newhall Memorial Hospital, 12 Cal. 4th 291, 360 (1995). Under the traditional rule, "an employee's actions are within the scope of employment only if motivated, in whole or part, by a desire to serve the employer's interest." Id. at 360. However, California has departed from this limiting rule and instead courts look "to the foreseeability of the employee's conduct, whether it be authorized or unauthorized, tortious or criminal, because the California rule 'reflects the central justification for respondeat superior [liability]: that losses fairly attributable to an enterprise—those which foreseeably result from the conduct of the enterprise—should be allocated to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 8:17-cv-01584-CAS-JEMx | Date | December 3, 2018 |
| Title | CRAIG R. DOIRON V. CITY OF SANTA ANA ET AL. | | |

enterprise as a cost of doing business.'" Xu Lu v. Powell, 621 F.3d 944, 948 (9th Cir. 2010) (quoting Farmers Ins. Group v. County of Santa Clara, 11 Cal. 4th 992 (1995)).

Defendants contend that plaintiff has not alleged sufficient facts with respect to the vicarious liability of Crevier. MTD at 20. In the second amended complaint, plaintiff alleges that Choe was "acting within the course and scope of [his] employment and for the benefit of [Crevier.]" SAC ¶¶ 78, 87, 92. According to plaintiff, Choe and Baek conspired "to falsely arrest Doiron and extort him with the threat of a criminal prosecution if he did not pay Crevier for repairs made to Peterson's vehicle." Id. ¶ 27. Based on these allegations, Choe's alleged actions are fairly attributable to Crevier. Thus, at this juncture, plaintiff's allegations are sufficient with respect to Crevier's vicarious liability.

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby **DENIES** defendants' motion to dismiss plaintiff's claim for violation of § 1983 insofar as it is based on the September 12, 2015 arrest.

The Court **DISMISSES without prejudice** plaintiff's claim for violation of § 1983 as against Choe insofar as it is based on the September 21, 2015 arrest.

The Court hereby **DENIES** defendants' motion to dismiss plaintiff's claim for violation of § 52.1 as against Choe and Crevier.

The Court hereby **DENIES** defendants' motion to dismiss plaintiff's claim for intentional infliction of emotional distress as against Choe and Crevier.

The Court **DISMISSES with prejudice** plaintiff's claim for negligence as against Choe and Crevier.

IT IS SO ORDERED.

| | | 00 | : | 10 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |